MASONS' FRATERNAL ACCIDENT ASSOCIATION *v*.RILEY.

Opinion delivered May 25, 1895.

1. *Foreign insurance company—Service on auditor—Estoppel.*

Sand & H. Dig. sec. 4137, provides that no insurance company, not of this State, shall do business in the State until it has filed with the auditor a stipulation in writing agreeing that legal process affecting the company, served on the auditor of State, shall have the same effect as if served personally on the company. *Held*, that if a foreign insurance company does business in the State without filing the required stipulation with the auditor, an agreement on its part to be bound by service on the auditor in a suit against it will nevertheless be presumed.

2. *Action against foreign insurance company—Venue.*

Service upon the auditor of State in one county, in a suit against a foreign insurance company, will not confer jurisdiction upon the court of another county.

Appeal from Jefferson Circuit Court.

JOHN M. ELLIOTT, Judge.

STATEMENT BY THE COURT.

This is an appeal from a judgment by default, in the Jefferson county circuit court, against the appellee, a mutual aid association, incorporated in the State of Massachusetts. The summons issued upon the com-

plaint was directed to the sheriff of Pulaski county, and was served by him in said county of Pulaski upon C. B. Mills, the auditor of the State. The complaint alleged, and the circuit court found, that the appellant was a foreign corporation doing business in this State when the policy upon which this suit was brought was issued, and held that the service upon the auditor bound the association to answer, and upon its failure to answer rendered judgment against it by default, it having no agent in the State upon whom service of summons could be had.

The court found that the appellant had not complied with the statute requiring insurance companies not of this State, before being authorized to do business in the State, to file with the auditor of the State a written stipulation, duly authenticated by the company, agreeing that any legal process affecting the company, served on the auditor, or the party designated by him, or the agent specified by said company to receive service of process for the company, should have the same effect, as if served personally upon the company within this State. (Sec. 4137, Sand. & H. Dig.)

The appellant at the same term of the court filed a motion for a new trial, and offered to file its answer, setting up several defenses, and alleging that the judgment against it was rendered without any service upon or notice to it, and was void for the want of jurisdiction for this reason. The court refused to allow the answer to be filed, and overruled the motion for a new trial, to which the appellant excepted, and brings the case here by appeal.

*I. Reinberger* and *N. T. White* for appellant.

1. The judgment by default was void for want of jurisdiction. Appellant was not a resident of, or summoned in, Jefferson county. Sand. & H. Dig. sec. 5007.

Laws pertaining to service are strictly construed. 13 S. W.. 853; 15 *id.* 128; 10 Bush (Ky.), 51; 48 N. J. L. 356. Want of jurisdiction may be pleaded at any time and in any court. 48 Ark. 151; 45 *id.* 346.

2. This was a Massachusetts contract, and appellant was not doing business in this State, within the meaning of the statute. 3 Comst. (N. Y.) 266; 7 Biss. U. S. 315; 12 Oregon, 40; 46 Ind. 44; 11 Wis. 394; 71 Ala. 60; 8 Abb. Pr. 427.

3. The answer presented a good defense, and the court abused its discretion in not setting aside the default.

4. The transaction of a *single act* of business is not doing business in this State. 113 U. S. 127; Morawetz, Priv. Corp. sec. 321; 32 Fed. Rep. 80.

*Austin & Taylor* for appellee.

1. The summons served upon the auditor gave the court jurisdiction. Sand. & H. Dig. sec. 4137; 1 McCrary, C. C. 123; 59 Ark. 593. A foreign corporation cannot take advantage of its own illegal conduct to escape service of process. Reno on Non-Residents, sec. 46; 97 Pa. St. 534; 106 U. S. 350–5; 18 How. 404; 63 N. Y. 114; 74 Mo. 457; 96 U. S. 369; 7 Rep. 455; 13 Wall. 270–85.

2. The refusal to set aside the default was within the sound discretion of the circuit court.

1. Service on auditor binds foreign insurance company.

HUGHES, J. (after stating the facts.) Assuming for the purpose of this opinion that the court's finding of facts was correct, then "that the stipulation was not, in fact, filed with the auditor is of no consequence, if the company has done those things which imposed upon it the obligation and duty to file it. The law deduces the agreement on the part of the company to answer in the courts of this State, on service made upon the auditor, from the fact of its doing business in the State." And

this is conclusive, and cannot be disputed. *Ehrman* v. *Teutonia Ins. Co.*, and authorities cited. 1 McCrary, C. C. 123.

But in this case the question is presented whether, the suit having been brought in Jefferson county, the service upon the auditor in Pulaski county bound the appellant to appear and answer, or suffer a judgment against it by default. The statutes direct where a variety of actions (naming them) may be brought, but there is no mention in any of these statutes, so far as we can find, of any direction or provision as to where an action of the kind at bar shall or may be brought. Section 5696, Sand. & H. Dig., provides: "Every other action may be brought in any county in which the defendant, or one of several defendants, resides or is summoned." This case forms no exception to the requirement of this section. The appellant was a foreign insurance company, having no residence or agent in Jefferson county, and was summoned in Pulaski county to appear and answer in the Jefferson county circuit court. By the service of the summons in this case upon the auditor in the county of Pulaski, requiring the appellant to answer in the circuit court of Jefferson county, that court acquired no jurisdiction of said appellant, and for the want of such jurisdiction the judgment by default is void.

2. Venue of action.

The appellant's motion for a new trial should have been granted, and its answer allowed to be filed.

The appellant, by appealing to this court, has entered its appearance to the action.

The judgment is reversed, and the cause is remanded for a new trial, with leave to the appellant to answer.